## Case No. 15,842.

### UNITED STATES v. MURRAY.

[1 Cranch, C. C. 141.] 1

Circuit Court, District of Columbia. Nov. Term, 1803.

#### LARCENY—BANK NOTES.

Quære, whether stealing a bank-note is larceny within the act of congress of the 30th of April, 1790, § 16 [1 Stat. 116].

[Cited in U. S. v. Canoe, Case No. 14,718.]

Indictment [against Francis Murray] under the statute, for stealing a watch, the property of Ben Brady, and a ten dollar bank-bill of the bank of ———, and twenty dollars in silver.

E. J. Lee, for defendant, objected to evidence being given as to the bank-note, it not being larceny to steal a promissory note, or bond, &c., and cited Morris' Case, 1 Leach, 468; 8 Coke, 33a, b; 4 Bl. Comm. 234.

Mr. Mason cited no authorities but argued generally.

THE COURT were of opinion that the evidence might go to the jury; they were inclined to be of opinion that bank-notes were within the meaning of the words, "personal goods," in the act of congress (1 Stat. 116); that the case in Leach, 468, was upon the construction of the act of parliament, and not binding as to the construction of the act of congress. That if the jury should find the prisoner guilty of stealing the bill only, the question might come on again on a motion in arrest of judgment. If they should find him generally guilty, they would consider the question in fixing the fine.

The jury found the prisoner "guilty of stealing the watch only."

E. J. Lee, for the prisoner, moved in arrest of judgment, that the jury had not found him guilty or acquitted him of the other things charged in the same count, to wit, the bank-note and the silver dollars, so that if he should be indicted again he would not be able to plead the conviction or acquittal.

But THE COURT overruled the motion and gave the judgment—39 stripes and 10 dollars fine, &c.

## Case No. 15,843.

### UNITED STATES v. MURRAY.

[5 McLean, 207.] 2

Circuit Court, D. Ohio. April Term, 1851.

#### PUBLIC LANDS — CUTTING TIMBER — REPARATION.

1. Where full reparation was made for a trespass on the public lands, by purchasing the land in part, and by paying the purchaser of the other part, for the trees cut on it, a nominal fine only was imposed.

2. The trespasser seemed to have no intention of defrauding the public.

[This was an indictment against Jacob Murray.]

1 [Reported by Hon. William Cranch, Chief Judge.]

2 [Reported by Hon. John McLean, Circuit Justice.]

The United States District Attorney, for the United States.

OPINION OF THE COURT. This is an indictment for cutting oak and other timber on the land of the United States. The defendant confessed that he was in the employment of an individual, and cut, say, two thousand trees for ties for railroad. That the man who employed him intended to enter the land, and did enter two quarters of it, but the other quarter was entered by another individual. That he paid the individual who entered the quarter section for the trees cut on it. And the other entry covered the land on which the other trespass was committed. The trespass was not an aggravated one, and, in fact, did injury to no one, that was not satisfactorily settled. The land was sold at the price fixed by law, having been previously offered, but not sold at public sale. Upon the whole, the court will impose a nominal fine, as there was no intention, it would seem, to defraud the public. The defendant was fined five dollars and costs.